**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIBERTY MUTUAL INSURANCE;
UNITED PARCEL SERVICE OASIS
SUPPLY CORPORATION; UNITED
SUPPLY CHAIN SOLUTIONS, INC.;
WORLDWIDE DEDICATED
SERVICES, INC.; and UPS GROUND
FREIGHT, INC.,

        Plaintiffs,

v.                                                                    Case No. 6:16-cv-778-Orl-37KRS

PROFESSIONAL DRIVERS OF
GEORGIA, INC.,

        Defendant.

**ORDER**

This cause is before the Court on its own motion. On March 4, 2016, Plaintiffs filed a three-count Complaint against Defendant in state court asserting claims for breach of contract, negligence, and contractual indemnity. (Doc. 2.) Defendant removed the action to this Court on May 6, 2016, on the basis of diversity jurisdiction. (Doc. 1.) Upon review, the Court finds that the Notice of Removal ("**Notice**") contains insufficient allegations of subject matter jurisdiction.

Removal jurisdiction exists where the district court of the United States would have had original jurisdiction over an action filed in state court. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "To meet the jurisdictional requirements of § 1332(a), the citizenship of *each* plaintiff must be different from that of *each* defendant." *Holston Invs., Inc. B.V.*

*v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (emphasis added). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the Notice, Defendant only alleges the citizenship of itself and *one* Plaintiff, Liberty Mutual Insurance ("**Liberty Mutual**"). (*See* Doc. 1, ¶ 8.) Consistent with the requirement that the citizenship of *each* plaintiff must be different from that *each* defendant, *Holston Invs.*, 677 F.3d at 1070, Defendant must plead the citizenship of each plaintiff to adequately demonstrate complete diversity.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that on or before Monday, **May 16, 2016**, Defendant shall amend its Notice of Removal (Doc. 1) to cure the deficiencies outlined in this Order. Failure to timely file may result in remand without further notice.

---

[1] The Court also rejects Defendant's attempt to plead subject matter jurisdiction on the basis of alternative states of citizenship for Liberty Mutual. (*See* Doc. 1, ¶ 8 (stating that "[r]egardless of whether Liberty Mutual is a Florida corporation or a Wisconsin corporation with its primary place of business in Boston, Massachusetts, there is complete diversity of citizenship between the parties"). The absence of evidence indicating that Liberty Mutual is a citizen of Georgia—Defendant's only alleged state of citizenship—is insufficient to establish diversity of citizenship. Indeed, diversity of citizenship must be *affirmatively* demonstrated. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). In its amended Notice, Defendant shall affirmatively allege each party's citizenship.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 9th, 2016.



Copies:

Counsel of Record